# IN THE UNITED STATES DISTRICT COURT
# FOR THE SOUTHERN DISTRICT OF MISSISSIPPI
# NORTHERN DIVISION

**RICHARD EARL BAKER**                                                         **PLAINTIFF**

**VS.**                                                    **CIVIL ACTION NO. 3:18-CV-573-LRA**

**WARDEN SHAW; SHERIFF**
**JACOB SHERIFF; LT. CASSANDRA**
**DAVIS and DEPUTY WARDEN**
**CHAZ WHITE**                                                         **DEFENDANTS**

## OMNIBUS ORDER

The parties appeared and participated in an omnibus hearing that was conducted before the undersigned United States Magistrate Judge on December 10, 2019. Richard Earl Baker appeared *pro se*, and attorney Jason Dare attended the hearing representing the Defendants. The hearing was conducted under the authority of *Spears v. McCotter*, 766 F.2d 179 (5th Cir. 1985), and its progeny. It functioned as a scheduling/case management conference, a discovery conference, and a *Spears* hearing. After due consideration of the issues involved in this case and any requests for discovery, the Court does hereby find and order as follows:

    **1.**     **JURISDICTION AND SUMMARY OF CLAIMS**

Jurisdiction of this case is based upon 42 U.S.C. § 1983. At the time he filed his Complaint, Baker was a pretrial detainee at the Yazoo County Regional Correctional Facility (YCRCF). At the hearing, the parties executed a Consent to the exercise of

1

jurisdiction by a Magistrate Judge, and, by an Order entered on January 13, 2020, the case was referred to the undersigned for all further proceedings.

Baker's complete allegations are set forth in his Complaint and his supplemental pleadings and were augmented by his testimony at the hearing. His claims are based on the conditions of his confinement at YCRCF. The most serious issue is the plumbing at the facility. Baker testified that when someone in another cell flushes a toilet, sewage comes up in his toilet. Baker submitted a grievance through the Administrative Remedies Program at CMCF, and the grievance response was that maintenance would fix the problems.

The Defendants have moved for summary judgment, on grounds that Baker did not exhaust the available legal remedies because he failed to appeal the second step responses. Baker argues that he was not required to submit a grievance under step 2 or 3, because he was satisfied with the response to step 1.

2. **DISCOVERY ISSUES and PENDING MOTIONS**

The Defendants shall provide Baker with a copy of his institutional records. Baker told the Court that he had copies of the ARP documents related to this grievance, and he should submit those to the Court.

If a trial is conducted in this case, defense counsel shall provide the Court with a certified copy of Baker's MDOC file for use as a general exhibit for all parties at trial.

The discovery matters set forth herein should fairly and adequately develop the issues to be presented to the Court, and no other discovery is deemed reasonable or appropriate considering the issues at stake in this litigation. *See* Federal Rules of Civil Procedure 26(b)(1). Other than the discovery mentioned herein, the parties shall not propound additional discovery requests unless leave of Court is requested and obtained.

3. **TRIAL WITNESSES**

Baker has not requested any inmate witnesses. If a trial is conducted, Baker may secure the voluntary appearance of any free world witnesses at a trial conducted in this cause. Or, upon the prepayment of witness fees, plus mileage costs, along with the complete address of where the witness may be found, Baker may request the Court to cause a subpoena to be issued for a free world witness. Any request for subpoenas should be made at least 30 days prior to trial, and the Court will direct that the United States Marshal's Service serve any such subpoena.

4. **PRETRIAL CONFERENCE, PRETRIAL ORDER, AND TRIAL SETTING**

This conference may stand in lieu of a pretrial conference.

IT IS, THEREFORE, ORDERED:

1. The discovery ordered above shall be submitted on or before **February 21, 2020**.

2. Any motions requesting additional discovery should be filed on or before **February 21, 2020,** and should specify precisely what information is being requested.

3. All dispositive motions should be filed on or before **March 16, 2020**.

SO ORDERED, this the 5th day of February, 2020.

/s/ Linda R. Anderson
UNITED STATES MAGISTRATE JUDGE